■ KAREN COCCARO et al., Infants, by Their Guardian ad Litem, HELEN COCCARO, et al., Respondents, v. HERBERT WOOD et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, loss of services, etc., three defendants appeal from (1) a judgment of the Supreme Court, Orange County, dated June 30, 1966, in favor of plaintiffs upon a jury verdict and (2) an order of said court dated June 6, 1966 which denied said defendants' motions to set aside the verdict on the ground of excessiveness. Judgment reversed insofar as it is in favor of plaintiff Angelo Coccaro, on the law and the facts, and new trial, limited to the issue of damages, granted as to said plaintiff against the appealing defendants, without costs, and action as between said parties severed accordingly, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a written stipulation consenting to reduce the amount of the verdict in his favor to $4,300 and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. Judgment reversed insofar as it is in favor of plaintiff Helen Coccaro, on the law and the facts, and new trial, limited to the issue of damages, granted as to said plaintiff against the appealing defendants, without costs, and action as between said parties severed accordingly, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a written stipulation consenting to reduce the amount of the verdict in her favor to $4,300 and to the entry of an amended judgment accordingly, in which event said portion of the judgment, as so reduced and amended, is affirmed, without costs. Judgment affirmed insofar as it is in favor of the infant plaintiffs Karen Coccaro and Joan Coccaro, without costs. In our opinion, the verdict insofar as it was in favor of plaintiffs Angelo Coccaro and Helen Coccaro was excessive to the extent indicated herein. Appeal from the order dismissed, without costs. An order denying a motion for a new trial, made only on the trial minutes, is not appealable. In any event, the foregoing disposition of the appeal from the judgment renders the appeal from the order academic. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ KATHRYN CONNOLLY, Respondent, v. WARWICK COACHES, INC., et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from (1) a judgment of the Supreme Court, Orange County, dated June 20, 1966, in favor of plaintiff upon a jury verdict and (2) an order of said court dated June 9, 1966 which denied their motions to set aside the verdict on the ground of excessiveness. Judgment reversed, on the law and the facts, and new trial granted, limited to the issue of damages, without costs, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce the amount of the verdict in her favor to $5,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict was excessive to the extent indicated herein. Appeal from the order dismissed, without costs. An order denying a motion for a new trial, made only on the trial minutes, is not appealable. In any event, the foregoing disposition of the appeal from the judgment renders the appeal from the order academic. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.